Jasen, J. (dissenting).
I would reverse the order of the Appellate Division and grant summary judgment in favor of the City of Syracuse.
The facts are not in dispute. Defendant owned real property in the City of Syracuse. During the years 1971-1974, although defendant retained possession, control and title to this property, he failed to pay the assessed real property taxes. In accordance with the Syracuse Tax Act (L 1906, ch 75, as amd), the city conducted a tax sale. As required by the act, the premises were bid in by the commissioner of finance on behalf of the city for the amount of the unpaid taxes, fees and expenses. Tax sale certificates were then issued to the city.
At the expiration of the prescribed period of redemption of the certificates, defendant had neither paid the delinquent taxes nor redeemed the certificates. Rather than taking a deed to the property or foreclosing its tax lien, the city commenced this action to enforce defendant’s personal liability for the delinquent taxes. Relying on our decision in Matter of Ueck (286 NY 1), Special Term dismissed the city’s complaint. The Appellate Division affirmed.
I believe that Ueck was wrongly decided and should be overruled. (See City of Buffalo v Cargill, Inc. 44 NY2d 7 — [dissenting opn, Jasen, J.] [decided herewith].) I would also add, however, that, in my view, the Syracuse Tax Act may be distinguished from the tax statutes considered by this court in Ueck.
In reaching the conclusion that the Syracuse Tax Act is indistinguishable from the tax statutes considered by this court in Ueck, the majority fails to recognize a significant difference between these statutes. In contrast to the Erie County Real Property Tax Law and the Buffalo City Charter *925 before the court in Ueck, the Syracuse Tax Act provides, inter alia, that where a tax sale certificate is not redeemed, the commissioner of finance "shall institute proceedings in the name of the city of Syracuse to foreclose the lien of said taxes upon said real estate”. (§ 22 [emphasis added].) The act further provides for a procedure to foreclose a tax lien and with respect to the passage of title states: "A conveyance upon a sale made pursuant to a final judgment in an action to foreclose the lien of a tax vests in the purchaser all the right, title and interest and equity of redemption in and to said premises so sold”. (§ 44.)
This language, I believe, clearly demonstrates that the city does not acquire title at a tax sale, but only obtains a lien interest. Conveyance of title to the property awaits expiration of the redemption period and the foreclosure of the lien. Consequently, I would hold that the purchase of tax sale certificates by the City of Syracuse did not extinguish the delinquent taxpayer’s personal liability.
Chief Judge Breitel and Judges Gabrielli, Jones and Wachtler concur in memorandum; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Cooke concurs; Judge Fuchsberg taking no part.
Order affirmed.